# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| West Charleston Lofts III, LLC; SAVWCL III, LLC, | 2:16-cv-02491-JAD-VCF |
| Plaintiffs | **Order Granting Defendants' Motion to Dismiss** |
| v. | [ECF Nos. 1, 25, 35] |
| John Farina and Tina Farina, in their capacities as co-trustees of the Farina Living Trust, | |
| Defendants | |

This case stems from one of the many Las Vegas real estate ventures that fell victim to the recession. In 2006, the parties planned to build an exciting, modern residential community in Las Vegas, Nevada, called the West Charleston Lofts. But shortly after they purchased their land in 2007, the real estate market crashed, the project flopped, and the parties looked to liquidate. Plaintiffs West Charleston Lofts III, LLC and SAVWCL III, LLC represent most of the investors and developers; the defendants John and Tina Farina are smaller investors who disagree with how the venture's assets have been liquidated. The plaintiffs brought this case in an effort to compel the defendants to arbitrate their dispute.

The defendants argue that I lack jurisdiction in the first place because the plaintiffs filed this case under diversity jurisdiction and one them, SAVWCL, is a resident of the same state that the defendants reside in. I agree. Because SAVWCL is an LLC, for purposes of diversity, it is a citizen of each state in which one of its members reside. And one of SAVWCL's members, the Farina Living Trust, resides in California—where the defendants reside. The parties are therefore not diverse.

The plaintiffs urge me to adopt a rule that would ignore the Farina Living Trust's citizenship because it has only a small interest in, and little control over, the LLC. They say that a member of an LLC that holds only a "fractional" interest "with no independent power to control" the LLC "are

never considered in the diversity analysis."[1]  But the Ninth Circuit disagrees: "the character of [an LLC's] membership interest is irrelevant to the determination of its citizenship" regardless of whether members "vote on or otherwise dictate" control of the company.[2]  Because the parties are not diverse, I have no subject matter jurisdiction and therefore dismiss this case.

**Background**

In 2006, the Farina Living Trust and other investors loaned money to West Charleston Lofts III, LLC to build a new residential development near what is now the Downtown Summerlin area. When the real estate market crashed in late 2007, the Lofts could no longer afford the loan but they believed the project was still viable.  So they approached Farina and the other investors with a deal: the investors could convert their debt into equity in the project and forgive the Loft's loan.  The investors agreed to the arrangement, and an agreement was drafted to establish everyone's interests in the new venture.[3]

This agreement called for a new LLC to be created—SAVWCL III, LLC (one of the plaintiffs in this case)—that would inherit the real estate and take over the project's development.[4]  SAVWCL III  was to be made up of three groups of LLC members: Class A members, Class B members, and Class C members.  Class B included new investors who were injecting capital into the project, and Class C was the Charleston Lofts itself.[5]

Class A is more complicated.  This class was to be made up of all the original investors, including the Farina Trust.  The plan was to create a new trust, the SAV Trust, to collectively act as the Class A member on behalf of these investors.[6]  But the agreement explained that the original

---

[1] ECF No. 36 at 2.

[2] *Fadal Machining Centers, LLC v. Mid-Atl. CNC, Inc.*, 464 F. App'x 672, 673–74 (9th Cir. 2012) (unpublished).

[3] ECF No. 2-1 at 10.

[4] *Id.* at 12.

[5] *Id.*

[6] *Id.* at 14.

investors had to opt in—they could either be a member of the SAV Trust, or they could opt out of the new trust and remain "separate Class A members" of the LLC on their own.[7] The downside was that—because a majority of investors opted into the SAV Trust—if one remained outside, the non-trust member would have little control over how the Class A membership voted or controlled SAVWCL.[8] The SAV Trust ran the show.

The Farina Trust declined to join the SAV Trust, so it remains a general Class A member of SAVWCL.[9] Because it is outside of the SAV Trust, and the SAV Trust has majority control of Class A, the Farina Trust has little power over SAVWCL. It is basically left to rely on the SAV Trust to make decisions for it and the rest of the Class A members.[10]

Neither party disputes that both the defendants and the Farina Trust are all citizens of California. Thus, if the Farina Trust's citizenship is imputed to SAVWCL for purposes of diversity, the parties are not diverse and the federal court has no jurisdiction over this dispute.

**Discussion**

**A.    Motion-to-dismiss standards for failure to establish diversity jurisdiction.**

Plaintiffs allege that I have diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.[11] Complete diversity means that all of the plaintiffs are of a different citizenship than all of the defendants.[12] Thus, if even one plaintiff is a citizen of the same state as one defendant, jurisdiction is defeated.[13]

Plaintiffs "bear the burden of proving by a preponderance of the evidence that each of the

---

[7] *Id.* at 14–15.

[8] *Id.*

[9] ECF No. 29.

[10] *Id.*

[11] *Tosco Corp. v. Communities for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

[12] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 US 546, 553 (2005).

[13] *Id.*

requirements for subject-matter jurisdiction has been met."[14]  Defendants can challenge jurisdiction

facially, based on the allegations in the complaint, or factually, based on evidence.[15]  Either way, the

burden of proving jurisdiction remains with the plaintiffs.

**B.      There is no diversity jurisdiction here because plaintiff SAVWCL is a citizen of the same state that the defendants reside in.**

The parties' dispute crystalizes into a single question: is plaintiff SAVWCL a citizen of

California (where the defendants reside)?  If so, the parties agree there is no jurisdiction for me to

hear this case.  SAVWCL is an LLC, so for purposes of diversity jurisdiction, an LLC "is a citizen of

every state of which its []members are citizens."[16]  The Farina Trust is a Class A member of

SAVWCL,  and the Farina Trust is undisputedly a citizen of California.  SAVWCL is thus a citizen

of California.  That would seem to the end of the question.

But the plaintiffs contend that when an entity is only a nominal member of an LLC, with a

small interest and no control over the LLC's operation, I should disregard it for purposes of the

diversity analysis.  The thrust of their argument is that, rather than treat the Farina Trust as a member

of SAVWCL, I should treat it as a beneficiary of the SAV Trust.  They point out that the SAV Trust

has all of the decision-making power, and the Farina Trust only has a small, "fractional" interest in

the LLC.  This distinction matters because trust beneficiaries and LLC members are treated

differently for purposes of diversity.  If I treat the Farina Trust as a beneficiary of the SAV Trust

instead of a member of SAVWCL, I would look only to the SAV Trust's trustee's citizenship to

determine the citizenship of the Class A Members (who is a Nevada company).

But plaintiffs do not offer a single case suggesting that a member of an LLC should be treated

as a member of a trust simply because it has a small interest in the LLC and has given up the right to

control or manage it.  Much the opposite: for purposes of the diversity analysis, the Supreme Court

and the Ninth Circuit have drawn a bright line between trust beneficiaries and LLC members—and

---

[14] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

[15] *Id.*

[16] *Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

that line does not depend on how much control or interest an LLC member has. A trust beneficiary's citizenship has no impact on diversity, but an LLC member's does.

Courts generally agree that when a trustee sues or is sued, for purposes of diversity, courts look only to the trustee's citizenship, not the beneficiaries' citizenship. But the Supreme Court has long held that this rule does not apply when a business association like an LLC files a lawsuit.[17] That is because an LLC, unlike a trustee, is not a traditional "citizen," so a court must look to its members to determine citizenship.[18]

In the past, parties have argued that courts should ignore some members' citizenship when those members have only nominal interest or control in the organization, but the Supreme Court and the Ninth Circuit have repeatedly rejected it. For example, in *Carden v. Arkoma Associates* the Supreme Court considered whether courts should ignore a limited partner's citizenship because it did not have any "management or control" of the partnership's operations.[19] The court rejected this notion, saying that "looking to the citizenship of only some of the members of the artificial entity finds [no] support in [the] precedent."[20] It explained that "[n]o doubt some members" of business organizations in prior cases "exercised greater control over their respective entities than other members," but that "such considerations [] played no part in [their] decisions."[21]

The Ninth Circuit addressed facts even more on point in *Fadal Machining Centers, LLC v. Mid-Atl. CNC, Inc.*[22] One of the parties in that published case urged the court to ignore the citizenship of a small holding company that was a member of an LLC because it had only a "severely

---

[17] *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

[18] *Id.*

[19] *Id.* at 192.

[20] *Id.*

[21] *Id.*

[22] *Fadal,* 464 F. App'x at 673–74.

fractionalized interest with no control over the day-to-day operations" of the LLC.[23]  The Ninth

Circuit disagreed, holding that "[s]cant though [the member's] interest in the [LLC] may be, the

rules governing subject matter jurisdiction are inflexible and without exception."[24]  The court sua

sponte dismissed the case because the parties were not completely diverse.[25]

 I follow the Supreme Court and the Ninth Circuit's lead in holding that an LLC member's

citizenship counts for purposes of diversity, even if the member has a small interest in, or little

control over, the company.  Because one of the plaintiff LLC's members is a citizen of the same state

that the defendants reside in, I have no jurisdiction over this case and I dismiss it.

**Conclusion**

 Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants'

**motion to dismiss [ECF No. 25] is GRANTED.  This action is DISMISSED.  The Clerk of**

**Court is directed to CLOSE THIS CASE.**

 IT IS FURTHER ORDERED that the plaintiffs' motion to compel arbitration **[ECF No. 1]**

**is DENIED as moot**.

---

[23] *Id.*

[24] *Id.* (quotation omitted).  Though unpublished, this case suggests how the Ninth Circuit would address the instant case.

[25] The plaintiffs' arguments rely on cherry-picked language from cases about trusts and trustees, not members of LLCs.  For example, plaintiffs argue that the Farina Trust is a trustee for purposes of diversity because the SAV Trust has "customary powers to hold, manage, and dispose of assets for the benefit of others."  But when courts have inquired into whether an entity had sufficient power or control over assets, it has been to determine whether a trustee is a "sham" that should be ignored so that a trust beneficiary's citizenship should control—not whether an LLC member's citizenship can be ignored.  *See, e.g., Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2007-1 ex rel. HSBC Bank USA v. Nomura Credit & Capital, Inc.*, 27 F. Supp. 3d 487, 492–93 (S.D.N.Y. 2014).

1    IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file excess pages **[ECF**

2    **No. 35] is DENIED** as moot.

3    Dated this 19th day of May, 2017

4

5    _____
     Jennifer A. Dorsey
6    United States District Judge